# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| DEBRA PERSIANO | § | |
| --- | --- | --- |
| | § | |
| v. | § | CASE NO. 4:14-CV-504 |
| | § | Judge Mazzant |
| T-MOBILE USA, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant T-Mobile USA Inc.'s Motion for Summary Judgment (Dkt. #24) and Plaintiff Debra Persiano's Motion for Summary Judgment (Dkt. #38). After reviewing the relevant pleadings, the Court finds that the motions should be denied.

## BACKGROUND

On August 23, 2010, Debra Persiano ("Plaintiff") was hired by T-Mobile USA Inc. ("Defendant") as a technical trainer (Dkt. #8 at ¶ 6). Plaintiff was 51 years of age at the time (Dkt. #8 at ¶ 7). T-Mobile assigned Jason Lewis to be Plaintiff's initial direct supervisor (Dkt. #8 at ¶ 8). In March 2011, Vong Syharath ("Syharath") became Plaintiff's direct supervisor (Dkt. #8 at ¶ 10).[1] Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in May, 2012 (Dkt. #10 at ¶ 15). Plaintiff then went on leave (Dkt. #10 at ¶ 18). On May 31, 2012 T-Mobile terminated Cynthia Wilkins and assigned Plaintiff a new direct supervisor, Andrew Thomas ("Thomas") (Dkt. #10 at ¶ 19).[2]

Thomas gave Plaintiff a performance review score of "Achieving" for the 2012 performance year (Dkt. #10 at ¶ 20). Plaintiff's EEOC claim remained open (Dkt. #8 at ¶ 21). Plaintiff was granted a leave of absence to care for a sick family member from approximately

---

[1] Plaintiff alleges and Defendant denies that Syharath engaged in discriminatory behavior against Plaintiff (*See* Dkt. #8 at ¶¶ 12, 16; *but see* Dkt. #10 at ¶¶ 12, 16).
[2] Plaintiff alleges and Defendant denies that Cynthia Wilkins was Syharath's supervisor and that she also engaged in discriminatory behavior (*See* Dkt. #8 at ¶¶ 13—14; *but see* Dkt. #10 at ¶¶ 13—14 ).

February 28, 2013 through March 14, 2013 (Dkt. #10 at ¶ 22).[3] Plaintiff filed a second Charge of Discrimination with the EEOC on or about April 24, 2013 (Dkt. #10 ¶ 27).

Plaintiff used her personal mobile telephone to record conversations with Thomas (Dkt. #8 at ¶ 28). Thomas expressed concerns about reports that Plaintiff made remarks disparaging of Syharath (Dkt. #10 ¶ 29).[4] On July 10, 2013 a telephone conference occurred between Thomas, Plaintiff, and HR representative Rita Wright-King ("Wright-King") (Dkt. #10 ¶ 34). Wright-King asked Plaintiff to delete the recording (Dkt. #10 ¶ 35).[5] Plaintiff resigned on July 10, 2013 and filed a third Charge of Discrimination with the EEOC on or about July 18, 2013 (Dkt. #10 ¶ 37).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations

---

[3] Plaintiff alleges that upon her return from leave, Thomas asked whether she planned to dismiss her pending EEOC charge. Plaintiff further alleges that when she told Thomas that she was not planning to dismiss the charge, Thomas began to engage in retaliatory behavior. Defendant denies these allegations (*See* Dkt. #8 at ¶¶ 23—26; *but see* Dkt. #10 at ¶¶ 23—26).

[4] Plaintiff alleges that Thomas asked if she was recording their conversation, and demanded the phone so that he could delete the conversation. Plaintiff further alleges that she offered to make a copy of the conversation for Thomas, and that Thomas stated that he would call the police if Plaintiff did not give him her phone. Defendant denies these allegations (*See* Dkt. #8 at ¶¶ 30—33; *but see* Dkt. #10 at ¶¶ 30—33).

[5] Plaintiff alleges and Defendant denies that Wright-King accused Plaintiff of a crime for not complying and deleting the recording (*See* Dkt. #8 at ¶ 36; *but see* Dkt. #10 at ¶ 36).

omitted).  The substantive law identifies which facts are material.  *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id.* at 247.  If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case.  *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).  Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial."  *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49).  The nonmovant must adduce affirmative evidence.  *Anderson*, 477 U.S. at 257.  No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden.  *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004).  Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant.  *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).  The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence.  *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court is not convinced that Plaintiff or Defendant has met its burden demonstrating that there is no material

issue of fact entitling it to judgment as a matter of law. The case should proceed to trial.

## CONCLUSION

It is therefore **ORDERED** that Defendant T-Mobile USA Inc.'s Motion for Summary Judgment (Dkt. #24) is hereby **DENIED**, and Plaintiff Debra Persiano's Motion for Summary Judgment (Dkt. #38) is hereby **DENIED**.

**SIGNED this 8th day of September, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE